BURNETT et al. v. UNITED STATES.

No. L–503.

Court of Claims.

May 31, 1932.

Benjamin B. Pettus, of Washington, D. C. (Colladay, McGarraghy, Pettus & Wallace, of Washington, D. C., on the brief), for plaintiffs.

James A. Cosgrove, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The first question in this case is whether the amount of $35,000 received by R. A. Burnett out of $50,000 paid by the Fox Manufacturing Company for good will of the Burnett-Klapper Furniture Company was the payment to him by and as a result of an obligation therefor of the corporation as a commission for the sale of the assets and the business of the corporation, and, therefore, an ordinary and necessary expense deductible by the corporation from gross income for 1925.

In view of the facts and circumstances disclosed by the record, we are of opinion that the amount was not paid as a commission by the corporation, but was received by Burnett as a result of an agreement between him and the other three stockholders of the corporation as his share of a liquidating dividend in dissolution. Although the amount received by him was not in accordance with his stock ownership, it was competent for the stockholders to agree among themselves as to the manner in which the amount received for good will should be distributed. There is some testimony that the agreement between the stockholders, namely, that, if as much as $50,000 should be received for good will, Burnett should be entitled to $35,000, was intended to be the act of the corporation. But there is other positive testimony which we think discloses the real nature of the agreement, that the stockholders agreed that in the distribution of the proceeds of sale Burnett should receive the larger proportion of whatever amount should be received for good will for the reason that he had been principally responsible for the building up of a good will of a substantial value, and that he was entitled to receive a greater amount thereof than the other stockholders.

In addition to this, the agreement executed by Klapper rebuts the contention that he was acting for the corporation. If it had been the intention to act on behalf of the corporation, it would not have been necessary for Burnett to pay Klapper a cash consideration for his consent to the payment by the corporation of a salary or bonus.

We are of opinion that the corporation correctly treated the distribution of the $35,-000 to Burnett as a liquidating dividend. No overpayment of tax was therefore made by the corporation for 1925. In view of this conclusion, it is unnecessary to consider the second point made by the defendant concerning the claim for refund.

The petition is dismissed. It is so ordered.